JASPAN SCHLESINGER LLP  
300 Garden City Plaza  
Garden City, New York 11530  
(516) 393-8260  
Victoria Kelly, Esq.  
vkelly@jaspanllp.com  
*Attorneys for Humboldt Industrial LLC*

Return Date and Time:  
December 13, 2022 at 11:00 a.m.  
Responses Due:  
December 6, 2022

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------x

In re:

    ZEN RESTORATION INC.,

                    Debtor.

Chapter 11

Case No. 22-40809-nhl

------------------------------------------------------------x

## NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND ADDITIONAL RELIEF

**PLEASE TAKE NOTICE,** that on December 13, 2022, at 10:00 a.m., secured creditor, Humboldt Industrial LLC ("Humboldt Industrial") will move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, United States Bankruptcy Court, or as soon thereafter as counsel can be heard by Videoconference via Zoom for the entry of an Order pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit Humboldt Industrial to pursue its rights under applicable state law with respect to the foreclosure actions commenced by Humboldt Industrial in the Supreme Court of the State of New York, County of Kings, Index Numbers: 513343/2019 and 521889/2021, against the real property located at located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222, owned by Debtor, Zen Restoration Inc., together with such other and further relief as this court deems just and proper.

VRG / #1657701v2 / 0184290 - 081213

**PLEASE TAKE FURTHER NOTICE** that the hearing shall not be held in person but shall be held as a videoconference to be conducted via zoom. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The video link for the hearing will be provided by email 48 hours prior to the hearing to those that register with eCourt Appearances. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number. Additional information can be found at https://www.nyeb.uscourts.gov/content/judge-nancy-hershey-lord.

**PLEASE TAKE FURTHER NOTICE,** objections to Humboldt Industrial's application shall be filed as through the Bankruptcy Court's electronic filing system (in accordance with General Order 476), which may be accessed through the Internet at the Bankruptcy Court's website, www.nyeb.uscourts.gov. A hard copy of the objection, marked "Chamber's Copy" and addressed to the attention of the Chambers of the Honorable Nancy Hershey Lord shall be filed with the Clerk, and a hard copy shall be served upon Humboldt Industrial's counsel, Jaspan Schlesinger LLP, Attn: Victoria Kelly, Esq., 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the debtor, Zen Restoration Inc., 273 Russell Street, Brooklyn, NY 11222; the debtor's attorney, Ronald D. Weiss, Esq., Ronald D. Weiss, P.C., 734 Walt Whitman Road, Suite 203, Melville, NY 11747; the United States Trustee, U.S. Federal Office Building 201 Varick Street, Room 1006, New York, NY 10014, and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on December 6, 2022.

Dated:   Garden City, New York
            November 14, 2022

JASPAN SCHLESINGER LLP
*Attorneys for Humboldt Industrial LLC*

By: /s/ Victoria Kelly
Victoria Kelly
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8260

TO: Zen Restoration Inc
*Debtor*
273 Russell Street
Brooklyn, NY 11222

Enid Nagler Stuart
Assistant Attorney General
Special Bankruptcy Counsel
Office of the NYS Attorney General
28 Liberty Street, 17th Floor
New York, NY 10005

Robert Wisniewski
Robert Wisniewski P.C.
17 State Street, Suite 820
New York, NY 10004

Ronald D. Weiss
*Debtor's Attorney*
Ronald D. Weiss, P.C.
734 Walt Whitman Road, Suite 203
Melville, NY 11747

US Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

JASPAN SCHLESINGER LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8260
Victoria Kelly, Esq.
vkelly@jaspanllp.com
*Attorneys for Humboldt Industrial LLC*

Return Date and Time:
December 13, 2022 at 11:00 a.m.
Responses Due:
December 6, 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

    ZEN RESTORATION INC.,

                    Debtor.

Chapter 11

Case No. 22-40809-nhl

-------------------------------------------------------------x

## MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND ADDITIONAL RELIEF

TO:   THE UNITED STATES BANKRUPTCY COURT
        EASTERN DISTRICT OF NEW YORK

Humboldt Industrial LLC ("Humboldt Industrial"), by its attorneys, Jaspan Schlesinger LLP, hereby moves for the entry of an order, pursuant to 11 U.S.C. § 362(d)(1) and (2) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, granting Humboldt Industrial relief from the automatic stay, in order to allow it to foreclose the property that is the subject of a foreclosure action commenced by Humboldt Industrial in the Supreme Court of the State of New York, County of Kings, Index Number: 513343/2019, located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222 ("Property"), and owned by Zen Restoration Inc. ("Debtor"), and conduct subsequent eviction proceedings if necessary, together with such other and further relief as this Court deems just and proper ("Motion").

        1.     It is respectfully submitted that Humboldt Industrial is entitled to relief from the automatic stay with respect to the Property for cause because the Debtor has no equity interest in the Property and it is not necessary for an effective reorganization. The Debtor is neither operating

its busines from the Property nor collecting rent from the Property. In addition, granting Humboldt Industrial relief from the automatic stay will not interfere with this case.

2.      The Property is a commercial property that consists of a warehouse. A Broker's Letter of Value ("BOV") and Real Estate Sales Proposal ("Proposal") setting forth the fair market value of the Property are annexed hereto as Exhibit A.

## RELEVANT BACKGROUND

**First Loan**

3.      On or about July 11, 2013, Debtor executed and delivered to Signature Bank ("Signature"), a Mortgage Note ("First Note") in the original principal amount of $1,125,000.00 ("First Loan"). A copy of the First Note with allonge, is annexed to the Proof of Claim annexed hereto as Exhibit B.

4.      In connection with the First Note, Debtor executed and delivered to Signature a Mortgage dated July 11, 2013, and recorded in the Office of the City Register of the City of New York ("Register's Office"), on August 5, 2013, under CRFN: 2013000307280, wherein and whereby Debtor mortgaged to Signature the Property ("First Mortgage"). *See* Exhibit B.

5.      On or about July 1, 2019, the First Mortgage was assigned by Signature to Humboldt Industrial, as evidenced by a certain Assignment of Mortgage (the "First Loan Assignment"). The First Loan Assignment was recorded on July 30, 2019, with the Register's Office under CRFN: 2019000239555. *See* Exhibit B.

6.      In connection with the First Loan, on August 25, 2021, Humboldt Industrial commenced an action entitled Zen Restoration Inc., Bernard Sobus, New York State Department of Taxation and Finance, Internal Revenue Service, Krzysztof Rostek, New York City Department of Finance, New York City Environmental Control Board, New York State Commissioner of

Labor, Pedro Chomnalz a/k/a Pedro Chomnalez, Maria Chomnalez, Workers Compensation Board of New York State, Menkos Corp. d/b/a Gleason Paints, Rosenzweig Lumber Corp, Clause Moller and "John Doe #1 through John Doe #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint, in the Supreme Court of the State of New York, County of Kings, under Index No.: 521889/2021 ("First Loan Foreclosure Action") to foreclose on the Property.

**Second Loan**

7. On or about December 4, 2014, Debtor executed and delivered to Signature a Promissory Note dated December 4, 2014 (the "December 4, 2014 Note"), whereby Signature provided Debtor with a line of credit of $500,000.00 (the "Line of Credit") with interest, pursuant to the terms of the instrument. A true and correct copy of the December 4, 2014 Note is annexed hereto as Exhibit C.

8. On or about November 20, 2015, Debtor executed and delivered to Signature a Promissory Note dated November 20, 2015 (the "November 20, 2015 Note"), replacing and superseding the December 4, 2014 Note, as laid out in Paragraph 8(k) of the November 20, 2015 Note. A true and correct copy of the November 20, 2015 Note is annexed hereto as Exhibit D.

9. On or about March 29, 2016, Debtor executed and delivered to Signature a Term Note dated March 29, 2016 (the "Term Note"), which converted the Line of Credit into a Term Loan (the "Term Loan"). A true and correct copy of the Term Note is annexed hereto as Exhibit E.

10. On or about August 30, 2017, Debtor executed and delivered to Signature a certain Mortgage Note dated August 30, 2017, whereby Debtor covenanted and agreed to pay the sum of $340,000.00 (the "Second Note") with interest, pursuant to the terms of the instrument and which replaced and superseded the Term Note, and converted the term loan into a mortgage loan (the "Second Loan"). A true and correct copy of the Second Note is annexed hereto as Exhibit F.

11. As collateral security for the payment of the indebtedness, Debtor executed, acknowledged and delivered to Signature a Mortgage dated August 30, 2017 (the "Second Mortgage"), which was recorded in the Register's Office on September 6, 2017 under CRFN: 2017000331417, and which encumbers the Property. A true and correct copy of the Second Mortgage is annexed hereto as Exhibit G.

12. On or about August 1, 2018, Debtor executed and delivered to Signature a certain Note Modification Allonge (the "Note Modification"), which, among other things, amends and supplements the Second Note. A true and correct copy of the Note Modification is annexed hereto as Exhibit H.

13. On or about July 1, 2019, the Second Mortgage was assigned by Signature to Humboldt Industrial, as evidenced by a certain Assignment of Mortgage (the "Second Assignment"). The Second Assignment was recorded on July 30, 2019, with the Register's Office under CRFN: 2019000239708. A true and correct copy of the Second Assignment is annexed hereto as Exhibit I. The assignment of the Second Note to Humboldt is further evidenced by a certain Allonge Endorsement dated as of July 1, 2019 (the "Allonge"), a copy of which is annexed hereto as Exhibit J.

14. In connection with the Second Loan, on June 17, 2019, Humboldt Industrial commenced the action entitled <u>Humboldt Industrial LLC v. Zen Restoration, Inc., Bernard Sobus, United States of America, Krzysztof Rostek, New York State Department of Labor, New York State Department of Taxation and Finance and TWE Marble Stone Inc.</u>, in the Supreme Court for the State of New York, County of Kings, under Index No. 513343/2019 ("<u>Second Loan Foreclosure Action</u>", together with the First Loan Foreclosure Action, the "<u>Foreclosure Actions</u>") to foreclose on the Property.

15. On February 2, 2022, Humboldt Industrial obtained a judgment in the Second Loan Foreclosure Action, including interest through entry of the judgment, in the amount of $465,224.21, plus additional interest and fees, and allowing Humboldt Industrial to sell the Property ("<u>Judgment of Foreclosure and Sale</u>"). *See* Exhibit B.

**Bankruptcy Filing**

16. On April 19, 2022, the Debtor filed this Chapter 11 case.

17. Due to the filing of Debtor's case the Foreclosure Actions have been stayed and Humboldt Industrial has been unable to sell the Property pursuant to the Judgment of Foreclosure and Sale obtained in the Second Loan Foreclosure Action.

18. On its Schedule A/B: Assets - Real and Personal Property ("<u>Schedule A/B</u>"), the Debtor indicated that it owns the Property. *See* ECF Doc. No. 1.

19. On its Schedule A/B: Assets, the Debtor sets forth the value of the Property as $3,000,000.00. *See* ECF Doc. No. 1.

20. Generally, the owner of property is competent to testify to its value. <u>New Haven Radio, Inc. v. Meister (In re Martin-Trigona)</u>, 760 F.2d 1334, 1344 (2d Cir. 1985).

21. In addition, the BOV obtained by Humboldt Industrial shows the value of the Property to be between $3,150,000.00-$3,400,000.00 and the Proposal suggests a listing price for the Property of $2,900,000.00. *See* Exhibit A.

22. On September 15, 2022, Humboldt Industrial's Proof of Claim establishing that as of the Petition Date, it is owed $2,231,748.86 pursuant to the First Note and the Judgment of Foreclosure and Sale. *See* Exhibit B; *see also* Claim No. 18-1.

23. On May 10, 2022, the Internal Revenue Service filed its Proof of Claim establishing that it is owed $3,778,048.27, of which $1,788,000.00 is secured by the Property. *See* Claim No. 7-1.

24. Debtor identifies another mortgage on the Property made by Debtor in favor of Krzysztof Rostek, dated May 31, 2018, in the original principal amount of $300,000.00 ("Rostek Mortgage"). Debtor's Schedule D indicates that the amount of Krzysztof Rostek's claim pursuant to the Rostek Mortgage is $300,000.00.

***The Automatic Stay Should be Modified to Permit Humboldt Industrial to Pursue its Rights Under Applicable State Law***

25. By the instant motion, pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, Humboldt Industrial seeks relief from the automatic stay to continue the Foreclosure Actions.

26. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

>    (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>    (A) the debtor does not have equity in such property; and
>    (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d) (2016).

### A. Humboldt Industrial is entitled to relief from the stay under Section 362(d)(2) because there is no equity in the debtor's property

27. To be awarded relief from the stay of an act against property pursuant to 11 U.S.C. § 362(d)(2), a creditor must first prove that there is no equity in the debtor's property. *See* 11 U.S.C. § 362(d)(2)(A). To determine that there is no equity in the property, it must be shown that the debts secured by the liens on the property exceed its value. *In re Country Squire Assocs. of Carle Place, L.P.*, 1997 Bankr. LEXIS 1163, *19 (B.A.P. 2d Cir. 1997); *see also In re New Era Comp.*, 125 B.R. 725, 728-29 (S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); *In re Diplomat Electronics Corp.*, 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

28. As of the Petition Date, the Debtor owed $2,231,748.86 to Humboldt Industrial pursuant to the First Note and the Judgment of Foreclosure and Sale. *See* Exhibit B; *see also* Claim No. 18-1.

29. As of the Petition Date, the Debtor owed the Internal Revenue Service $3,778,048.27, of which $1,788,000.00 is secured by the Property. *See* Claim No. 7-1.

30. As of the Petition Date, Debtor's Schedule D indicates that the amount due under the Rostek Mortgage is $300,000.00.

31. As such, there are liens on the Property of at least $4,319,748.86.

32. Based upon the valuation of the Property in the Debtor's schedule A/B: Assets and the BOV submitted herewith, the Debtor has no equity in the Property pursuant to 11 U.S.C. § 362(d)(2)(a).

33. Section 362(d)(2) of the Bankruptcy Code sets forth two prongs which must be satisfied in order to grant a creditor relief from the automatic stay. 11 U.S.C. § 362(d). In *United Savings Association of TX v. Timbers of Inwood Forest Associates*, the Supreme Court examined and analyzed the second prong, which states that relief would be granted if "such property is not necessary to an effective reorganization." 484 U.S. 365, 375-76 (1988). The Court concluded that it is insufficient to establish that under the prospect of a reorganization, the property in question would be needed; but rather, the debtor must demonstrate that the "property is essential for an effective reorganization that [already] is in prospect." *Id.*; *see also In re Pegasus Agency, Inc. v. Grammatikakis*, 101 F.3d 882, 886 (2d Cir. 1996). Furthermore, the debtor has the burden to establish that its proposed plan has a "reasonable prospect of success within a reasonable time." *In re 68 West 127 St., LLC*, 285 B.R. 838, 848 (Bankr. S.D.N.Y. 2002).

34. Once a movant under 11 U.S.C. § 362(d)(2) has established that there is no equity in the collateral, the burden is on the debtor to establish that the collateral at issue is in fact necessary to an effective reorganization. *See* 11 U.S.C. § 362(g).

**B. Humboldt Industrial is entitled to relief from the stay under Section 362(d)(1)**

35. Additionally, although the term "for cause" is not defined in either the statute or the legislative history, the Second Circuit considers twelve factors in determining whether to lift the stay. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). "Not all of the factors are relevant in every case and the Court need not assign equal weight to each factor." *Keene Corp.*, 171 B.R. 180, 183 (S.D.N.Y. 1994). Some of these factors include: (1) lack of connection with or interference with the bankruptcy case; (2) whether litigation in another forum would prejudice

other creditors; (3) the interest of judicial economy and an expeditious and economical resolution of litigation; and (4) the impact of the stay on the parties and the balance of harms. *Id.*

36. "While the complexity and nature of the case often dictate its pace, a debtor cannot wallow in chapter 11." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995).

37. The Debtor testified at the 341 Meeting that is currently permitting TWE Marble Stone Inc. ("TWE"), an entity also owned by Bernard Sobus, to operate at the Property and the Debtor is not collecting rental payments from TWE.

38. Since the Debtor is not operating out of the Property and is allowing TWE to operate at the Property without paying rental income to the Debtor, the continuation of the Foreclosure Actions against the Property and sale of the Property would not interfere with the bankruptcy case, and the Property is not necessary for an effective reorganization.

39. As of the date hereof, despite commencing this case over six months ago, the Debtor still has not filed a proposed Chapter 11 Plan in connection with this case. Furthermore, the Debtor has not made any payments to Humboldt Industrial, has not produced evidence of insurance and has not paid taxes accrued against the Property. As such, the Debtor cannot meet its burden of establishing that the Property is necessary for an effective reorganization under 11 U.S.C. § 362(d)(2)(b).

40. By establishing that the Debtor does not have any equity in the Property, Humboldt Industrial is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

41. Moreover, cause exists under Section 362(d)(1) of the Bankruptcy Code because the Debtor has not made any post-petition payments to Humboldt Industrial since this case was commenced. The failure of a debtor to make post-petition payments to a secured creditor

constitutes sufficient "cause" to lift the automatic stay. See In re Uvaydov, 354 B.R. 620, 623-624 (E.D.N.Y. Bankr. 2006). "The failure to provide adequate protection when the property is declining in value is a classic basis for granting relief from the stay for cause." In re Kaplan Breslaw Ash, LLC, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2011); see also In re Elmira Litho, Inc., 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) (failure to make post-petition payments to a secured lender constitutes "cause" to lift the stay) (collecting cases); In re Weyer, 612 B.R. 192, 195 (Bankr. W.D. Wisc. 2020) ("The failure to make payments on claims secured by depreciating collateral is the quintessential basis for finding a lack of adequate protection and granting relief from stay.").

42. This, coupled with the lack of equity in the subject Property, leaves no doubt that cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

43. The stay should also be vacated so that so that Humboldt Industrial may proceed to pursue its rights without further delay in the interest of judicial economy and an expeditious and economical resolution of litigation.

44. If this Motion is not granted, Humboldt Industrial will be prejudiced as it will be forced to wait until this case is closed to continue the First Loan Foreclosure Action and Second Loan Foreclosure Action while the debt owed to it continues to grow. As such, a balancing of the harms shows that the Motion should be granted.

45. Humboldt Industrial intends to pursue its rights under State law against the Property and Humboldt Industrial hereby requests that the automatic stay be vacated with respect to the Property so that it may continue the pending First Loan Foreclosure Action and Second Loan Foreclosure Action and sell the Property.

46. For as long as this bankruptcy case is pending, Humboldt Industrial will not seek a deficiency judgment against Debtor without prior permission of this Court.

47. No prior motion seeking the relief requested herein has been made to this or any other Court.

**WHEREFORE**, Humboldt Industrial respectfully requests that the automatic stay be vacated in order to permit Humboldt Industrial to pursue its rights under applicable state law with respect to the property located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222, by allowing it to continue the Foreclosure Actions and sell the property, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 14, 2022

JASPAN SCHLESINGER LLP.
*Attorneys for Humboldt Industrial LLC*

By: _____
Victoria Kelly, Esq.
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8260

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

        ZEN RESTORATION INC.,

                      Debtor.

Chapter 11

Case No. 22-40809-nhl

------------------------------------------------------------------x

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS**, by Notice of Motion dated November 14, 2022, Humboldt Industrial LLC ("Humboldt Industrial"), by its attorneys, Jaspan Schlesinger LLP, moved this Court for an order granting it relief from the automatic stay pursuant to Sections 362(d)(1) and (2) of the United States Bankruptcy Code (the "Motion"); and

**WHEREAS**, after a hearing and due deliberation having been had on December 13, 2022, the Court is of the opinion that the relief prayed for in the motion should be granted; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the automatic stay pursuant to Section 362 of the United States Bankruptcy Code is hereby vacated pursuant to Sections 362(d)(1) and (2) to permit Humboldt Industrial to continue the foreclosure actions entitled Zen Restoration Inc., Bernard Sobus, New York State Department of Taxation and Finance, Internal Revenue Service, Krzysztof Rostek, New York City Department of Finance, New York City Environmental Control Board, New York State Commissioner of Labor, Pedro Chomnalz a/k/a Pedro Chomnalez, Maria Chomnalez, Workers Compensation Board of New York State, Menkos Corp. d/b/a Gleason Paints, Rosenzweig Lumber Corp, Clause Moller and "John Doe #1 through John Doe #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the

Complaint, in the Supreme Court of the State of New York, County of Kings, under Index No.: 521889/2021 and Humboldt Industrial LLC v. Zen Restoration, Inc., Bernard Sobus, United States of America, Krzysztof Rostek, New York State Department of Labor, New York State Department of Taxation and Finance and TWE Marble Stone Inc., in the Supreme Court of the State of New York, County of Kings, under Index No.: 513343/2019, against property located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222, and any subsequent eviction proceedings if necessary.

Dated: _____, 2022
        Brooklyn, New York

_____
HON. NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE