**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
*In re:*

                                       **Chapter 11**
                                       **Case No.: 1-22-40809-NHL**

**ZEN RESTORATION, INC**

                       **Debtor.**

-----------------------------------------------------------X

<u>**NOTICE OF MOTION**</u>

        **PLEASE TAKE NOTICE**, that upon the annexed application (the "Application") of Zen Restoration, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, by its attorneys, The Law Office of Ronald D. Weiss, P.C. a hearing will be heard before the Honorable Nancy H. Lord, United States Bankruptcy Judge, at the United States Bankruptcy Court, Conrad B. Duberstein Courthouse, Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3577, Brooklyn, NY 11201 on the **28th day of February, 2023 at 10:30 a.m.,** or as soon thereafter as counsel may be heard seeking, *inter alia*, the entry of an Order: (1) further extending the exclusive period within which only the Debtor may file a plan of reorganization through and including April 19, 2023, and also further extending the exclusive period during which only the Debtor may secure acceptances of its plan of reorganization until June 16, 2023 pursuant to 11 U.S.C. Section 1121(d) and (2) granting such other and further relief as this Court deems just and proper.

        **PLEASE TAKE FURTHER NOTICE**, that pursuant to E.D.N.Y. LBR 9006-1 (a), any objection or response (the "Objections") to the Motion must be made in writing, must state the standing of the objectant, state with particularity the grounds for the objection, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order

559. (General Order 559 and the User's Manual for the Electronic Case Filing System can be found at www.nyeb.uscourts.gov, the official Web-site of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch diskette, CD or DVD preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word-processing format (with a hard-copy delivered directly to the Chambers of the Hon. Nancy H. Lord, at the above address), and must be served in accordance with General Order 559 upon: (i) The Law Office of Ronald D. Weiss, P.C., Counsel to the Debtor, Zen Restoration, Inc.,734 Walt Road, Suite 203, Melville, NY 11747 Attn: Michael A. Farina, Esq., and (ii) the Office of the United States Trustee, Eastern District of New York (Brooklyn Office) U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, so as to be filed and actually received no later than February 21, 2023   at 5:00 p.m. on that day (the "Objection Date").

PLEASE TAKE FURTHER NOTICE, that if no objections are received by the Objection Date, the relief requested in the Application may be granted without a hearing.

PLEASE TAKE FURTHER NOTICE, that all hearings on all Chapter 11 cases and their related adversary proceedings will be conducted using the Zoom platform.  Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link.

**PLEASE TAKE FURTHER NOTICE**, that Judge Nancy Hershey-Lord conducts hearings telephonically and by videoconference. All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances.  eCourt Appearances registration is required by both attorneys and non-attorney participants.    Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at **https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl**. Once registered, eCourt Appearances will email the telephone number and/or video link for your hearing.   You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until **48 hours before the hearing date**.   Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the telephone number and/or video link.

**PLEASE TAKE FURTHER NOTICE**, that those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.   Your

email must include your name, the case number(s), who you represent (if you are an attorney),

hearing date, and phone number.

Dated: Westbury, New York
       January 17th, 2023

                               LAW OFFICE OF RONALD D. WEISS, P.C.
                               Attorneys for the Debtor


                   By:     ***Michael Farina***
                           Michael Farina
                           734 Walt Whitman Road
                           Suite 203
                           Melville, NY 11747
                           (631) 271-3737


**TO:  OFFICE OF THE UNITED STATES**
     **TRUSTEE**
     **EASTERN DISTRICT OF NY (Brooklyn Office)**
     **U.S. Federal Office Building**
     **201 Varick Street**
     **Suite 1006**
     **New York, NY 10014**

     **HUMBOLDT INDUSTRIAL, LLC**
     **c/o**
     **FRANK DELL'AMORE, ESQ.**
     **JASPAN SCHLESINGER LLP**
     **300 Garden City Plaza**
     **5th Floor**
     **Garden City, NY 11530**

     **NEW YORK STATE DEPARTMENT OF**
     **LABOR**
     **c/o**
     **OFFICE OF THE ATTORNEY GENERAL**
     **28 Liberty Street**
     **New York, NY   10005**
     **Attention: Seth Kupferberg, Esq.**

**NEW YORK STATE DEPARTMENT OF**
**TAXATION AND FINANCE**
**c/o**
**OFFICE OF THE ATTORNEY GENERAL**
**28 Liberty Street**
**17th Floor**
**New York, NY   10005**
**Attention: Enid Nagler Stuart, Esq.**

**ALL CREDITORS AND PARTIES**
**IN INTEREST**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
*In re:*

|  | Chapter 11 |
|  | Case No.: 1-22-40809-NHL |

ZEN RESTORATION, INC

                              Debtor.

------------------------------------------------------------X

APPLICATION OF CHAPTER 11 DEBTOR-IN-POSSESSION
FOR ORDER AUTHORIZING A FURTHER EXTENSION OF THE DEBTOR'S
EXCLUSIVE PERIODS PURSUANT TO 11 U.S.C. 1121(d)(1)

TO:    THE HONORABLE NANCY H. LORD,
         UNITED STATES BANKRUPTCY JUDGE:

                    Zen Restoration, Inc. (the "Debtor"), the debtor and debtor-in-possession herein, by

its attorneys, The Law Office of Ronald D. Weiss, as and for its application seeking, *inter alia*,

the entry of an Order (1) further extending the exclusive period within which only the Debtor may

file a plan of reorganization through and including April 19, 2023, and further extending the

exclusive period during which only the Debtor may secure acceptances of  its plan of

reorganization until   June 16, 2023 pursuant to 11 U.S.C. Section 1121(d) and (2) granting such

other and further relief as this Court deems just and proper respectfully represents as follows:

                    1.        The Debtor is located at 273 Russell Street, Brooklyn, NY 11222. The

Debtor is in the business of renovation of high-end residential homes and apartments

                    2.        On April 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition

for relief from its creditors pursuant to Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

3.      Pursuant to Section 1107(a) and 1108 of the Bankruptcy Code, the Debtor has continued in possession of its property as a debtor-in-possession.   No trustee or examiner has been appointed in this case.

## RELIEF REQUESTED

4.      The Debtor is seeking the entry of an order further extending the Debtor's exclusive periods to file and secure acceptances of a plan of reorganization (the "Exclusive Periods") pursuant to Bankruptcy Code 1121(d)(1) and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION, VENUE AND STATUTORY
## PREDICATE FOR RELIEF REQUESTED

5.      This Court has jurisdiction to hear the relief requested in the Motion pursuant to 28 U.S.C. Sections 157 and 1334.   The statutory predicates for this proceeding are Section 1121(d) of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure. The venue in this proceeding and the instant Motion in this District is proper pursuant to 18 U.S.C. Sections 1408 and 1409.   This is a core proceeding pursuant to 28 U.S.C. Section 157(b).

## LEGAL ARGUMENT

6.      This is a standard Chapter 11 Case. Under 11 U.S.C. Section 1121b), only the Debtor may file a Chapter 11 Plan until after 120 days after the date of the Order for relief under this Chapter. A Debtor's Chapter 11 Plan must be accepted within 180 days of the Order for relief.

7.      Pursuant to 1121(d)(1) of the Bankruptcy Code, on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and

after notice and a hearing, the Court may reduce or increase the 120-day period or the 180-day period.

8.    The Debtor filed its Chapter 11 Bankruptcy Petition on April 19, 2022. By Order of the Bankruptcy Court entered on September 23, 2022 (Docket Item # 49) the period of exclusivity for the Debtor to file a Chapter 11 Plan was extended up to and including January 20, 2023. The last date for the Debtor to secure acceptances was extended by the September 23 Order up to and including March 20, 2013. The September 23 Order was also entered without prejudice to the Debtor seeking additional extensions to extend the exclusive period to file a plan of reorganization and the exclusive period to solicit acceptances of its plan of reorganization. Annexed as **Exhibit "A"** is a true copy of the September 23 Order.

9.    By this Application, the Debtor is seeking to further extend the Exclusive Period through and including April 19, 2023 with respect to the filing of a plan and to further extend the time to secure acceptances of the plan until June 16, 2023.

10.    The Debtor is required to seek an extension of both exclusive time periods (to both file a plan and secure acceptances of same). See *In re Barker Estates, Inc.* 14 B.R. 683 (Bankr W.D.N.Y.1981).

11.    The decision to extend the Exclusive Periods is committed to the sound discretion of the Bankruptcy Court based upon the facts and circumstances of each case. See, e.g., *In re Texaco, Inc*. 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); *In re Newark Airport/Hotel, Ltd. Partnership*, 156 B.R. 444 (Bankr. D.N.J. 1993) aff'd, 155 B.R. 93 (D.N.J. 1993); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). By design, Congress intended to give the Bankruptcy Court broad flexibility in determining whether cause exists to extend the exclusive periods.  See, *Matter of Newark Airport/Hotel, Ltd. Partnership*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) aff'd, 155 B.R. 93 (D.N.J. 1993); *In re Gibson & Cushman Dredging Corp.*,

101 B.R. 405, 409, (E.D.N.Y. 1989); H.R. Rep. No. 595, 95th Congr., 1st Sess. 406 (1977), Reprinted in 1978 U.S. Code Cong. And Admin. News, 5787, 6362; *In re Public Service Company of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suite various types of reorganization proceedings); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (The hallmark of [section 1121(d)] is flexibility) (Citation omitted).

12.It has been established by precedent that there are various grounds that the Court should consider in extending the exclusivity period under Chapter 11, including but not limited to the size and complexity of the case; the necessity of sufficient time to negotiate and prepare adequate information; and the existence of good faith progress toward reorganization: See, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587-90 (Bankr. S.D.N.Y. 2006).

13.The Debtor requires additional time to file a plan of reorganization. By Order of the Bankruptcy Court entered on October 21, 2022 (the "October 21 Order") (Docket Item # 51), the Court extended a new bar date for filing claims against this Bankruptcy Estate to December 22, 2022.

14.There are very large tax claims from NYS Department of Taxation and from United States of America, Internal Revenue Service which the Debtor is attempting to reconcile. The Debtor has recently provided IRS with amended returns and hopes to have the indebtedness owed to this entity greatly reduced. Moreover, as a result of the October 21 Order, more than 40 timely proofs of claim have been filed against this Bankruptcy Estate. Timely filed claims against this Bankruptcy Estate now total $13,874,284.91. A proof of claim has been filed by Joseph & Norinsberg, LLC on behalf of Plaintiffs that they are representing in a Class Action Law suit

entitled *Fazekas et. al. v. Zen Restoration, Inc. et. al.* presently pending in United States District Court Eastern District of New York under Case # 20-CV-1507. The claim filed by Joseph & Norinsberg, LLP is $5,299,423.95. The complexity of this and other claims must be examined.

      15.    With over 40 timely filed claims totaling in excess of $13,000,000.00, this matter has evolved into a large case. The Debtor is going to need additional time to negotiate with creditors, obtain adequate information in order to eventually prepare a disclosure statement and object to claims. For all the foregoing reasons, it is respectfully submitted that cause exists for a further extension of the Exclusive Periods.

16.    This is the Second Application for the relief herein requested. A prior Application to extend exclusivity was made by the Debtor by Amended Motion dated August 8, 2022 (Docket Item # 40) and granted by the Order entered September 23, 2022 (Docket Item # 49)

      **WHEREFORE,** the Debtor respectfully requests that its application for the entry of an Order: (1) further extending the exclusive period within which only the Debtor may file a plan of reorganization through and including April 19, 2023, and further extending the exclusive period during which only the Debtor may secure acceptances of its plan of reorganization be extended until June 16, 2023 pursuant to 11 U.S.C. Section 1121(d) and (2) granting such other and further relief as this Court deems just and proper be granted.

Dated: Westbury, New York
     January 17th, 2023           LAW OFFICE OF RONALD D. WEISS, P.C.
                        Attorneys for Debtor


                      By:    */s/ Michael Farina*
                             Michael Farina
                             734 Walt Whitman Road
                             Suite 203
                             Melville, NY