**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
*In re:*

                                                                **Chapter 11**
                                                                **Case No.: 1-22-40809-NHL**

**ZEN RESTORATION, INC**

                      **Debtor.**

-----------------------------------------------------X

### DEBTOR'S REPLY TO THE OPPOSITION
### OF HUMBOLDT INDUSTRIAL LLC

**TO: THE HONORABLE NANCY H. LORD**, **UNITED STATES BANKRUPTCY JUDGE:**

Zen Restoration, Inc.., Chapter 11 Debtor herein, by its attorneys, The Law Office of Ronald D. Weiss, P.C., as and for its Reply (the "Reply") to the Opposition (the "Opposition") filed by Humboldt Industrial LLC to the Debtor's Application for the entry of an Order: (1) further extending the exclusive period within which only the Debtor may file a plan of reorganization through and including April 19, 2023, and also further extending the exclusive period during which only the Debtor may secure acceptances of its plan of reorganization until June 16, 2023 pursuant to 11 U.S.C. Section 1121(d) and (2) granting such other and further relief as this Court deems just and proper respectfully represents as follows:

        1.        The Debtor is located at 273 Russell Street, Brooklyn, NY 11222. The Debtor is in the business of renovation of high-end residential homes and apartments

        2.        On April 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief from its creditors pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. As of this date, the Debtor remains in control of assets. No creditors committee of Chapter 11 Trustee has been appointed.

4. The Debtor incorporates by reference in this Reply all of the arguments raised in the Affirmation in support of the Debtor's Motion to Extend Exclusivity dated January 17, 2023.

5. The first five pages of Humboldt's objection deals with describing the nature and extent of their liens against the Debtor's real property located at 818/824 a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222 (the "Humboldt Street Property"). The Objection has nothing to do with the underlying merits of the Debtor's Motion.

6. It has been established by precedent that there are various grounds that the Court should consider in extending the exclusivity period under Chapter 11, including but not limited to the size and complexity of the case; the necessity of sufficient time to negotiate and prepare adequate information; and the existence of good faith progress toward reorganization: See, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587-90 (Bankr. S.D.N.Y. 2006).

7. The Debtor requires additional time to file a plan of reorganization. By Order of the Bankruptcy Court entered on October 21, 2022 (the "October 21 Order") (Docket Item # 51), the Court extended a new bar date for filing claims against this Bankruptcy Estate to December 22, 2022. In its Objection, Humboldt cites the case of *In re Texaco* 76 B.R. 322 (Bankr. S.D.N.Y. 1987) for the proposition that the Debtor's case is not large enough to warrant an extension. However, In *Texaco*, the Debtor's request for an extension of exclusivity was granted. Moreover, *Texaco, Id* at 326-327 cites the case of *In re Perkins* 71 B.R. 294, 296 (W.D. Tenn 1987). *In Perkins*, the District Court affirmed an extension of exclusivity, finding the Chapter 11 case therein large and complex in that there were approximately 100 creditors holding approximately 225 claims against Perkins' estate, with claims against the Estate valued at roughly $10,000,000.00

8.  In the present case There are very large tax claims from NYS Department of Taxation and from United States of America, Internal Revenue Service which the Debtor is attempting to reconcile. Moreover, as a result of the October 21 Order, more than 40 timely proofs of claim have been filed against this Bankruptcy Estate. Timely filed claims against this Bankruptcy Estate now total $13,874,284.91. A proof of claim has been filed by Joseph & Norinsberg, LLC on behalf of Plaintiffs that they are representing in a Class Action Law suit entitled *Fazekas et. al. v. Zen Restoration, Inc. et. al.* presently pending in United States District Court Eastern District of New York under Case # 20-CV-1507. The claim filed by Joseph & Norinsberg, LLP is $5,299,423.95. The complexity of this and other claims must be examined. With over 40 timely filed claims totaling in excess of $13,000,000.00, this matter has evolved into a large case. The Debtor is going to need additional time to negotiate with creditors, obtain adequate information in order to eventually prepare a disclosure statement and object to claims.

9.  The Debtor acknowledges that Humboldt has two mortgages encumbering the Humboldt Street Property. The Debtor has obtained insurance on the premises.

10.  The Debtor has also been attempting to provide adequate protection to Humboldt. Humboldt has refused, stating that they still want possession of the premises notwithstanding the Debtor's offer of adequate protection. Moreover, by virtue of their position as first lien and second lienholders with secured claims of approximately $2,231,748.86 versus the value of the Humboldt Street Property at $3.4 Million, there is enough of an equity cushion to protect Humboldt Industrial, whose liens are superior to that of the junior lienors.

11.  As aforementioned, the Joseph & Norinsberg claim is large and is based upon FLSA Violations. Sine the FLSA litigation is stayed, the Debtor may have to engage in claims estimation under 11 U.S.C. Section 502(c).

12. In the present case, the Debtor has been acting in good faith. Moreover, the Debtor is not trying to pressure creditors by seeking an extension. For all the foregoing reasons, it is respectfully submitted that cause exists for a further extension of the Exclusive Periods.

**WHEREFORE,** the Debtor respectfully requests that its application for the entry of an Order: (1) further extending the exclusive period within which only the Debtor may file a plan of reorganization through and including April 19, 2023, and also further extending the exclusive period during which only the Debtor may secure acceptances of its plan of reorganization until June 16, 2023 pursuant to 11 U.S.C. Section 1121(d) and (2) granting such other and further relief as this Court deems just and proper be granted.

Dated: Westbury, New York
       February 23, 2023

                                      THE LAW OFFICE OF RONALD D. WEISS, P.C.
                                      Attorneys for Debtor, Zen Restoration, Inc.

                                      By:  _/s/ *Michael A. Farina*_
                                           Michael A. Farina
                                           734 Walt Whitman Road
                                           Suite 203
                                           Melville, NY 11747
                                           (631) 271-3737

**TO:**   **OFFICE OF THE UNITED STATES TRUSTEE**
       **U.S. Federal Office Building**
       **Eastern District of New York (Brooklyn Office)**
       **201 Varick Street**
       **Room 1006**
       **New York, NY 10014**

       **HUMBOLDT INDUSTRIAL LLC**
       **c/o**
       **JASPAN SCHLESINGER, LLP**
       **300 Garden City Plaza**
       **Garden City, NY 11530**