JASPAN SCHLESINGER NARENDRAN LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8260
Victoria Kelly, Esq.
vkelly@jaspanllp.com
*Attorneys for Humboldt Industrial LLC*

Return Date and Time:
July 18, 2023 at 10:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    ZEN RESTORATION INC.,

                    Debtor.

Chapter 11

Case No. 22-40809-nhl

-----------------------------------------------------------------x

**RESPONSE TO DEBTOR'S SUR-REPLY ON MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND ADDITIONAL RELIEF**

TO:    THE UNITED STATES BANKRUPTCY COURT
         EASTERN DISTRICT OF NEW YORK

Victoria Kelly, Esq., an attorney duly admitted to practice law before this Court, hereby states under the penalties of perjury:

Humboldt Industrial LLC ("Humboldt Industrial"), by its attorneys, Jaspan Schlesinger Narendran LLP, respectfully submits this response to the improper sur-reply ("Sur-Reply") of Zen Restoration Inc. ("Debtor"), to Humboldt Industrial's motion for the entry of an order, pursuant to 11 U.S.C. § 362(d)(1) and (2) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, granting Humboldt Industrial relief from the automatic stay, in order to allow it to foreclose the property that is the subject of two foreclosure actions commenced by Humboldt Industrial in the Supreme Court of the State of New York, County of Kings, Index Numbers: 513343/2019 and 521889/2021 (the "Foreclosure Actions"), located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222 ("Property"), and owned by Debtor and conduct

subsequent eviction proceedings if necessary, together with such other and further relief as this Court deems just and proper ("Motion").

1. Humboldt Industrial respectfully submits that this Court must reject Debtor's improper Sur-Reply and grant Humboldt Industrial's Motion for stay relief. First, Debtor already filed an objection to the Motion on December 6, 2022 (Docket No. 63) and fails to provide any grounds for submission of a sur-reply. Second, as this Court is undoubtedly aware, Debtor has failed to demonstrate any progress in this case since it was filed over one year ago and has entirely ignored this Court's directive at the last hearing that Debtor pay Humboldt Industrial two months of adequate protection payments, remit taxes due July 1, 2023 and file a plan on or before June 20, 2023. Indeed, Debtor's conduct reflects that it has no interest in presenting a resolution of its debt: it breached the above Court directive to pay creditors, replaced its attorney, failed to file a plan and, in an apparent attempt to confuse the parties and this Court, presented financing term sheets that involve properties not even owned by the Debtor.

2. Debtor commenced this proceeding on the eve of Humboldt Industrial's mortgage foreclosure sale of the Property on April 19, 2022. Despite filing for bankruptcy protection approximately one year and three months ago, Debtor has done nothing at all to advance the proceeding forward to a conclusion.

3. Accordingly, Humboldt Industrial moved for stay relief and this Motion was originally noticed to be heard on December 13, 2022.

4. This Motion has been adjourned seven (7) times, each time over Humboldt Industrial's objection, from December 13, 2022 to January 17, 2023, February 28, 2023 to March 14, 2023 to March 28, 2023 to May 9, 2023 to June 6, 2023 to July 18, 2023. Each adjournment was premised on Debtor's protestations that it would resolve the numerous discrepancies in its

monthly operating reports, settle over ten million dollars in outstanding debts and file a plan. It has not delivered and has evinced a complete inability to comply with Court directives or resolve its debts.

5. In fact, despite this Court directing Debtor to file its Chapter 11 Plan and Disclosure Statement by June 20, 2023, Debtor has still failed to do so. Further, this Court directed the Debtor to make adequate protection payments to Humboldt Industrial in the amounts of $10,000.00 each for the months of June and July, and to pay the outstanding real estate taxes for the Property due July 1, 2023. Again, Debtor has failed to comply with this Court's directive, as Humboldt Industrial has not received adequate protection payments for June and July, and currently the real state taxes for the Property are past due in the amount of approximately $12,409.68.

6. Now, in its Sur-Reply, Debtor requests that the Court adjourn this Motion for another sixty (60) days, to "explore" financing, and refers to two term sheets attached to the Sur-Reply ("Term Sheets").

7. However, neither the Sur-Reply nor the Term Sheets actually specify the amount of funds which would be available to be paid to Humboldt Industrial in connection with a refinance to satisfy its claim in this proceeding, nor do the Sur-Reply or Term Sheets indicate what other amounts would be paid from the refinance proceeds. In fact, the purported refinance involves other real properties which are not owned by the Debtor as well as another separate secured creditor.

8. There is simply no basis to adjourn the Motion any further, just to allow Debtor to "explore" the speculative possibility of obtaining re-financing which may not even be sufficient to satisfy Humboldt Industrial's claim. This is especially true where the Debtor has failed to move this case forward at all, and has consistently failed to comply with this Court's directives.

9.  Based on the foregoing, as well as the arguments contained in Humboldt Industrial's prior papers submitted in support of the Motion, the Motion should be granted in its entirety.

**WHEREFORE**, Humboldt Industrial respectfully requests that the automatic stay be vacated in order to permit Humboldt Industrial to pursue its rights under applicable state law with respect to the property located at 818-824 Humboldt Street a/k/a 824/828 Humboldt Street, Brooklyn, New York 11222, by allowing it to continue the Foreclosure Actions and sell the property, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 17, 2023

                                JASPAN SCHLESINGER NARENDRAN LLP
                                *Attorneys for Humboldt Industrial LLC*

By: _____
Victoria Kelly, Esq.
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8260